United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Young Viper Gear, LLC, and Brandon Young, Plaintiffs, <br><br> v. <br><br> Guangzhou Nujin Clothing Co., Ltd, Shenzhen Quanshuntong Electric Equipment Co., Ltd., and John Does 3-20, Defendants. | Civil Action No. 23-22143-Civ-Scola |

**Order Granting Motion for Final Default Judgment**

Plaintiffs Young Viper Gear, LLC, and Brandon Young seek to recover damages from Defendant Shenzhen Quanshuntong Electric Equipment Co., Ltd. ("Quanshuntong"), a Chinese corporation, for infringing Young's federally registered copyright in a product that Young Viper Gear sells on Amazon.[1] (Am. Compl., ECF No. 13.) When Quanshuntong failed to timely appear, answer, or otherwise respond to the complaint, the Clerk entered a default against it. (ECF No. 36.) The Plaintiffs now seek the entry of a final default judgment against Quanshuntong. (Pls.' Am. Mot., ECF No. 43.) Quanshuntong has not responded and the time to do so has passed. After careful review of the record, the Plaintiffs' briefing, and the relevant legal authorities, the Court **grants** the Plaintiffs' motion for final default judgment (**ECF No. 43**).

1. **Background**[2]

Young Viper Gear is a manufacturer and distributor of toys and games, which it sells on Amazon and other online retail sites. (Am. Compl. ¶ 17.) One of those toys is called a ToyLife Golf Mat which incorporates a stylized depiction of a portion of a golf course, along with dividing lines which assign numbers to each section, increasing in value based on proximity to the cup and pin:

---

[1] The Plaintiffs failed to identify or serve the remaining Defendants (Defendant Guangzhou Nujin Clothing Co. Ltd. and the John Doe Defendants) and have voluntarily dismissed them from this case. (ECF Nos. 42, 44.)

[2] This background is based on the allegations in the Plaintiffs' complaint. "[A] defaulted defendant is deemed to have admitted the movant's well-pleaded allegations of fact." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014).



(*Id.* ¶ 18.) Players score points by chipping Velcro covered balls onto the mat, with the goal being to land in higher scoring regions of the mat. (*Id.* ¶ 19.)

Young has a federally registered copyright in this image: U.S. Copyright Reg. No. VA 2-343-416. (*Id.* ¶¶ 1, 23.) The protectable elements of the image include the depiction of various features typically found on a golf course, including a green, the surrounding fairway, a water hazard, bunkers, and a pin, including the particular arrangement of those features, along with the lines and numbers distributed throughout for scoring purposes. (*Id.* ¶ 20.) Young created the image in 2022 and first published it on October 11, 2022. (*Id.* ¶ 21.) Young has exclusive rights, title, and interest in the copyrighted image and has granted Young Viper Gear permission to use it as the primary element in its ToyLife Golf Mat. (*Id.* ¶¶ 23, 24.)

The ToyLife Golf Mat, of which the copyrighted image is a part, has been successful, ranking number 3,865 in the category of Toys & Games and number 8 in Toy Golf products on Amazon. (*Id.* ¶¶ 25, 26.)

In early May 2023, the Plaintiffs identified products containing an image identical to the copyrighted image, listed for sale on Amazon by Quanshuntong, without the Plaintiffs' permission:



(*Id.* ¶¶ 33, 34, 42.) Quanshuntong sold an unknown number of the infringing products on Amazon and would have continued doing so if Amazon had not blocked it, at the Plaintiffs' request, from doing so. (*Id.* ¶¶ 43, 44.) As a result, the Plaintiffs filed their complaint, lodging one count of federal copyright infringement under 17 U.S.C. § 501, seeking damages and injunctive relief.

### 2. Legal Standard

Prior to entering a default judgment, the Court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defendant and that the complaint adequately states a claim upon which relief may be granted. *See Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Granting a motion for default judgment lies within a district court's sound discretion. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

### 3. Analysis

The Plaintiffs have established their entitlement to final default judgment in this case. First, the Court has subject-matter jurisdiction over this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, *et seq.*; 28 U.S.C. § 1338(a), (b); and 28 U.S.C. § 1331.

Second, the Court also has personal jurisdiction over the parties. Quanshuntong has been properly served, in China, by the requisite Local Court of the People's Republic of China, as required by the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters. (*See* ECF No. 31.) Further, Quanshuntong directly targets its business activities towards consumers in Florida and caused harm to the Plaintiffs, who reside or conduct business in Florida, within this judicial district. (Am. Compl. ¶¶ 10, 11, 15.)

Third, as set forth above, the Plaintiffs, by the well pleaded allegations in the complaint, have established Quanshuntong's liability for federal copyright infringement. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232–33 (11th Cir. 2010) ("To establish a prima facie case of copyright infringement, two elements

must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.") (cleaned up).

Fourth, the Plaintiffs are entitled to statutory damages. Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for . . . statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2). For unintentional infringement, 17 U.S.C. § 504(c), in turn, provides that "the copyright owner may . . . recover . . . an award of statutory damages for all infringements involved in the action, with respect to any one work . . . a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). The infringement established in this case, however, is intentional and pursuant to 17 U.S.C. § 504(c)(2), the Court, upon a finding of willful infringement, may "increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Here, Quanshuntong's infringement was committed willfully. (Am. Compl. ¶¶ 33–35, 39, 41.) As such, the Court agrees with the Plaintiffs that a statutory damages award of $100,000 is appropriate and reasonable.

And, finally, the Plaintiffs are entitled to permanent injunctive relief. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010) ("A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."). They have demonstrated that Quanshuntong's actions have and will continue to cause irreparable harm. Unless Quanshuntong is enjoined and restrained, the Plaintiffs are likely to suffer further injuries that cannot be fully addressed through monetary relief. Further, the costs and hardship related to protecting the Plaintiffs' copyrighted work outweigh any potential damage to Quanshuntong. Lastly, the public interest would not be disserved by a permanent injunction that protects the Plaintiffs' copyrighted work.

### 4. Conclusion

Based on the findings and conclusions above, the Court **grants** the Plaintiffs' amended motion for default judgment (**ECF No. 43**). A final judgment and permanent injunction will follow.

In the meantime, the Court directs the Clerk to **close** this case. Any

pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on October 18, 2024.

_____
Robert N. Scola, Jr.
United States District Judge